SMITH GRANITE CO. *et al. vs.* JOSEPH NEWALL & CO. *et al.*

WASHINGTON—SEPTEMBER 22, 1900.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Equity. Rescission of Agreement. Vendor's Lien.*

A., having purchased the competing business of B. and made a partial payment therefor, by agreement with B. executed a trust mortgage deed of the entire property to C. to secure his bonds to the amount of $200,000 and placed the bonds in the hands of X. for sale at not less than par, the bonds to be pledged in the hands of X. as security for the sum of $90,000, due from A. to B., the first $90,000 realized from the sale of the bonds to be applied to the indebtedness to B. X. being unable to sell the bonds at par, A. brought a bill in equity seeking the rescission of the agreement, on the ground of impossibility of performance, asking for the cancellation of the bonds and the discharge of the mortgage. B., in his answer, claimed a lien upon the bonds to secure the amount due under the agreement:—

*Held*, that A. was not entitled to a rescission of the agreement and a reconveyance of the property to B.

*Held*, further, that B., having executed his part of the agreement, was entitled to maintain a vendor's lien upon the real estate sold to A. for the unpaid portion of the purchase-money.

*Held*, further, that the mode of payment agreed upon by the parties having become impossible, the bonds should be delivered up to be cancelled and the mortgage discharged.

BILL IN EQUITY brought to rescind an agreement, cancel bonds, and discharge a mortgage. The facts are sufficiently stated in the opinion. Heard upon bill, answer, and proof.

DUBOIS, J. The complainants having purchased and absorbed the competing quarry and business of Joseph Newall

& Company, respondents, and having made a partial payment therefor, by agreement with said Joseph Newall & Company executed a trust mortgage deed of all of their property, including that covered by such purchase, to the Industrial Trust Company, respondent, to secure their bonds to the amount of two hundred thousand ($200,000) dollars, and placed said bonds in the hands of S. W. Kilvert, respondent, for sale at not less than par; subject to the terms of the following vote : "Voted :   That the $200,000 worth of bonds to be issued by this corporation be pledged in the hands of S. W. Kilvert, selling agent, as security for $90,000 due Joseph Newall & Company, and that S. W. Kilvert be, and hereby is directed and authorized to pay to said Joseph Newall and Company the first $90,000 realized from the sale of said bonds, said pledge being fully discharged and released upon payment thereof."

Said S. W. Kilvert made diligent attempts, but was unable to sell said bonds at par, and said complainants, finding it to be impossible to thus secure the amount necessary to pay the balance due to said Joseph Newall & Company, offered to return to them the property so purchased and to replace matters as nearly as possible in the same condition as they had been prior to the execution of the agreement between said parties relative to such sale and purchase, which offers were declined by said Joseph Newall & Company, who claimed to be entitled to a lien upon said $200,000 worth of bonds so secured by said mortgage.   Whereupon the complainants sought the aid of the court and urged that the agreement under which said purchase was made ought to be rescinded because the same has not been and cannot be performed in its essential and material parts, and because its performance is impossible ; that because it is impossible to sell said bonds at par, it is also impossible to carry out the agreements dependent upon such sale, and that therefor such bonds are no longer necessary or desirable and ought to be cancelled, and that the mortgage deed executed for the purpose of securing said bonds should be discharged.

It is contended by the respondents that said Newalls,

having fully executed their agreement, they are in nowise affected by the failure to sell said bonds at par, and that under the vote pledging said bonds, as aforesaid, they are entitled to a decree establishing and enforcing a lien upon the same to secure the amount due them under said agreement.

We find that said Joseph Newall & Company have fully complied with the terms of their agreement, except that they have withheld a sum of money that was to have been transferred to the complainants ; but as under the agreement the complainants are indebted to them in an amount greatly in excess of the sum so retained, that amount may well be treated as a partial payment made by said complainants in order to avoid the idle ceremony of handing the same over and back again, and in no event would it constitute a ground for rescinding the agreement. The only part of the agreement that has not yet been performed is the part relating to payment.

(1) The complainants have not paid the purchase-price, as they agreed, and their excuse is that they have been unable to sell their bonds at par, that said bonds cannot be sold, and that they are powerless to procure the amount necessary to enable them to perform their part of the agreement, and, therefore, that the performance is impossible. In other words, the complainants' claim in effect is that they have bought something beyond their means or which they cannot pay for, and therefore that they should be exonerated from the consequences of their own act. They make no charge of fraud, deceit, or concealment of fact ; nor that the price under the agreement is unreasonable.

We see no reason for rescinding the agreement that has been executed on the part of Joseph Newall & Company, and therefore refuse to cause such rescission to be made or to cause a reconveyance of said property to be made by said complainants to said Joseph Newall & Company. But on the contrary we find that said agreement has been executed by said Joseph Newall & Company, and that they are entitled to recover from said complainants the balance due them under said agreement with interest ; and, also, are entitled to have

and maintain a vendor's lien, upon the real estate by them sold to said complainants, for the unpaid portion of said purchase-money.

We find that the mode of payment agreed upon by said parties has become impossible, that said bonds cannot be sold at par even by virtue of a decree that they be sold at par for the benefit of the respondents, Newall & Company, under said pledge. The parties should be relieved from the consequences of having them and the mortgage securing them outstanding, one of which is the present priority of said mortgage over said vendor's lien.

Therefore, we determine that said bonds shall be delivered up to be cancelled, and that said mortgage shall be discharged.

*Walter B. Vincent*, for complainants.

*Miller & Carroll, and Albert B. Crafts*, for respondents.